**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 20-1168**

---

In re: TIMOTHY OMAR HANKINS, SR.,

   Petitioner.

---

On Petition for Writ of Mandamus.
(7:18-cv-00037-D; 7:18-cv-00061-D; 5:19-00158-FL)

---

Submitted:  February 17, 2020      Decided:  February 18, 2020

---

Before KING, RICHARDSON, and RUSHING, Circuit Judges.

---

Petition dismissed by unpublished per curiam opinion.

---

Timothy Omar Hankins, Sr., Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case comes before the court on a petition for writ of mandamus filed under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). The CVRA applies to crime victims and defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e)(2)(A). A crime victim is entitled to reasonable protection from the accused, to notice of court proceedings, to participation in court proceedings, to confer with government counsel, to receive restitution, to proceedings free from unreasonable delay, and to be treated with fairness. 18 U.S.C. § 3771(a). These rights must be asserted in the district court and, if the district court denies relief, the movant may petition the court of appeals for a writ of mandamus. 18 U.S.C. § 3771(d)(3). If such a petition is filed, "[t]he court of appeals shall take up and decide such application forthwith within 72 hours after the petition has been filed." *Id.* If the court of appeals denies the relief sought, "the reasons for the denial shall be clearly stated on the record in a written opinion." *Id.*

The petitioner in this case seeks mandamus relief under the CVRA alleging that his wife, her lawyers, and others have conspired to steal his children, his home, his company, and his money and the state courts have failed to protect his rights. The petitioner sought relief in the district court, which the district court denied.

Although the petitioner has designated his petition as being brought under the CVRA, he is not a crime victim as defined in the Act and has not been denied any rights protected under the Act. Nor is petitioner entitled to any other form of mandamus relief

2

from this court. The district court properly refused to review the state court decisions in petitioner's cases, and neither the CVRA nor any other statute authorizes this court to compel a different result.

Petitioner has failed to assert the violation of any rights protected by the CVRA. His petition is, accordingly, dismissed.

*PETITION DISMISSED*

3